# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DEANN WALTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  2:13-cv-00445-JAW |
| | ) |
| ISHERWOOD ENTERPRISES, INC, | ) |
| d/b/a CUSTOM COACH AND | ) |
| LIMOUSINE OF PORTLAND, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO DISMISS**

This is a negligence action transferred to this District from the Southern District of Florida. Isherwood Enterprises, Inc. (Isherwood)[1] seeks to dismiss the case on res judicata grounds because it contends that while the case was still in Florida, Ms. Walter stipulated to voluntary dismissal "with prejudice" without excluding Isherwood. Ms. Walter argues that the Florida district court was without jurisdiction and that the dismissal was ineffective as to Isherwood. The Court concludes that the district court in Florida had jurisdiction over the case during the period it was being transferred to the District of Maine. However, the Court also concludes that because Ms. Walter did not agree to the dismissal of her case against Isherwood, Isherwood's motion to dismiss must be denied.

---

[1] The parties refer to Isherwood as "Isherwood" and "Custom Coach." For consistency, the Court refers to this Defendant as "Isherwood."

## I. LEGAL STANDARD

The doctrine of res judicata prevents a party who has already litigated a matter from taking another "bite at the apple" by attempting the same litigation against the same party a second time. Res judicata bars the later action if "'1) the same parties, or their privies are involved; 2) a valid final judgment was entered in the prior action; and 3) the matters presented for decision were, or might have been, litigated in the prior action.'" *Roy v. City of Augusta, Me.*, 712 F.2d 1517, 1520 (1st Cir. 1983) (quoting *Kradoska v. Kipp*, 397 A.2d 562, 565 (Me. 1979)).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a case for "failure to state a claim upon which relief can be granted." A party seeking to dismiss a suit under Rule 12(b)(6) may invoke res judicata as a ground for dismissal. *See Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008); *Glenwood Farms, Inc. v. O'Connor*, 666 F. Supp. 2d 154, 174 n. 14 (D. Me. 2009). "[W]here the motion to dismiss is premised on a defense of res judicata . . . the court may take into account the record in the original action." *Andrew Robinson*, 547 F.3d at 51.

## II. FACTS

Ms. Walter alleges that Isherwood negligently failed to secure her motorized scooter when it transported her on a bus during a shoreside excursion from a cruise on which she was a passenger. *Compl.* (ECF No. 1). The merits of the motion to dismiss arise, not from these allegations, but from an unusual set of procedural events.

### A. The Motions to Dismiss

On October 5, 2011, in the United States District Court for the Southern District of Florida, Ms. Walter and her husband filed a complaint against Isherwood, Intercruises Shoreside & Ports Services (Intercruises), and Royal Caribbean Cruises, Ltd. (Royal Caribbean). *Id.* On November 28, 2011, Intercruises moved to dismiss the case for improper venue, *Mot. to Dismiss* (ECF No. 15). The next day, November 29, Isherwood moved to dismiss for lack of personal jurisdiction. *Def., Isherwood Enters., Inc.'s Mot. to Dismiss Pl.'s Compl. for Lack of Personal Jurisdiction* (ECF No. 18) (*Isherwood First Mot. to Dismiss*). On December 6, 2011, Royal Caribbean moved to dismiss Ms. Walter's husband, asserting that the "General Maritime Law of the United States . . . does not permit damages for loss of consortium." *Def. Royal Caribbean Cruises Limited's Mot. to Dismiss* at 1-2 (ECF No. 21). On December 16, 2011, Mr. Walter voluntarily dismissed "without prejudice" his loss of consortium claim, *Pl. Ray Walter's Notice of Voluntary Dismissal as to Count VI of the Compl.* at 1 (ECF No. 28), rendering moot Royal Caribbean's motion to dismiss.

### B. The January 24, 2012 Florida Court Order

On January 24, 2012, the district court issued an extensive order ruling on the Isherwood's and Intercruises' motions to dismiss. *Omnibus Order* (ECF No. 36). In Section II of the Omnibus Order, the District Court in Florida ruled that it lacked personal jurisdiction over Isherwood under Florida's "long-arm" jurisdictional statute because the Complaint contained only one conclusory allegation that Isherwood had "agreed to subject [it]self to the laws and jurisdiction

3

of the State of Florida." *Id.* at 9; *Compl.* ¶ 8. Isherwood's affidavit, asserting that it "does no business in Florida, has no past or present offices, employees, or agents there, has no present contract with Royal Caribbean, and has never been a principal, agent, employee, or partner in a joint venture with Royal Caribbean," *id.* at 3, shifted the burden back to the plaintiffs to "show by affidavit a basis for jurisdiction." *Id.* at 9. The District Court ruled that Ms. Walters had not provided and could not provide such proof. *Id.* at 9-10. The Court concluded: "For the foregoing reasons, Isherwood's motion to dismiss the complaint against this defendant for lack of personal jurisdiction is granted." *Id.* at 10. In the same Omnibus Order, in Section III, the Court ruled that, as against Isherwood and Intercruises, venue was improper in the Southern District of Florida under 28 U.S.C. § 1391(a). *Id.* at 10-16. After detailed analysis, the Court wrote: "Accordingly, the Court declines to lay venue here." *Id.* at 16.

In Section IV of the Omnibus Order the Court announced its remedy. *Id.* at 16-17. Citing 28 U.S.C. § 1406(a), the Court elected not to dismiss the case outright, but to transfer it to the District of Maine. The Court reasoned that venue would be proper in this District "because [Ms.] Walter's injury occurred there." *Id.* at 17. "Furthermore," the Court noted, "both defendants [Isherwood and Intercruises] are subject to personal jurisdiction in Maine." *Id.* However, the Court ruled that venue was proper in the Southern District of Florida as against Royal Caribbean. *Id.*

In Section V, the Court concluded and ordered:

It is hereby

ORDERED AND ADJUDGED that (1) Defendant Isherwood Enterprises, Inc's. ("Isherwood") Motion to Dismiss for lack of personal jurisdiction . . . is GRANTED. (2) Defendant Intercruises Shoreside and Ports Services, Inc.'s ("Intercruises") Motion to Dismiss for improper venue under Fed. R. Civ. Pr. 12(b)(3) is GRANTED; (3) as to Defendants Isherwood and Intercruises, this action shall be transferred to the District of Maine for all future proceedings; (4) Plaintiff's claims against Royal Caribbean shall proceed before this Court; (5) a trial order per (4) shall follow.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of January 2012.

*Id.* at 17-18.

To summarize, after this Order, the district court in Florida retained jurisdiction over Royal Caribbean and Ms. Walter's case against Royal Caribbean continued to proceed there. The district court in Florida determined that (1) it did not have personal jurisdiction over Isherwood, and that (2) venue in Florida would be improper as to Intercruises. It ordered Ms. Walter's case against each of these defendants transferred to the District of Maine.

### C. Post-Order Activity in Florida

After the January 24, 2012 Order, the docket indicates that the case proceeded forward between Ms. Walter and Royal Caribbean in the district court in Florida. The Florida district court issued a Scheduling Order on February 3, 2011 and an Order of Referral to Mediation the same day. *Scheduling Order for Pretrial Conference and Trial* (ECF No. 37); *Order of Referral to Mediation* (ECF No. 38). The captions of these orders list Royal Caribbean as the sole named Defendant; it appears they were directed only to Ms. Walter and Royal Caribbean. *Id.* Mediation was held before a court-certified mediator on March 27, 2012. *Notice of Mediation*

5

(ECF No. 42). Somewhat surprisingly, the mediation was successful in resolving Ms. Walter's case against both Royal Caribbean and Intercruises.[2] The next docket entry is April 11, 2012, indicating that the case had settled and that an order would issue, closing the case for administration purposes. *Notice of Court Practices* (ECF No. 44). The Court formally closed the case administratively on April 11, 2012. *Administrative Order Closing Case* (ECF No. 43).

On May 29, 2012, counsel for Ms. Walter, Royal Caribbean, and Intercruises jointly filed a stipulation for dismissal that read, in relevant part:

> Plaintiff, Deann Walter, and Defendants, Royal Caribbean Cruises Ltd. and Intercruises Shoreside & Ports Services, Inc., by and through their respective undersigned attorneys and pursuant to amicable settlement of this cause, hereby stipulate and request that this Court enter an Order dismissing this case, with prejudice, each party to bear its/his own attorney's fees and costs.
>
> DATED this 29th day of May, 2012.

*Stipulation for Dismissal* (ECF No. 45). Significantly, however, counsel for Isherwood did not sign the Stipulation for Dismissal, and the Stipulation referred to Isherwood only in the case caption. *Id.* On June 11, 2012, the district court entered an Order of Dismissal:

---

[2] This result becomes less surprising when one tracks the history of the legal representation. Intercruises was initially represented by Attorney Craig Lee Monts of the Law Offices of Esther B. Nickas of Coral Gables, Florida. *Notice of Appearance* (ECF No. 14). Isherwood was represented by Attorney Christienne Hopkins Sherouse of Gaebe, Mullen, Antonelli & DiMatteo of Coral Gables, Florida. *Notice of Appearance* (ECF No. 17). Royal Caribbean Cruises, Ltd. was initially represented by Attorney Randy S. Ginsberg of Miami, Florida. *Def.'s Unopposed Mot. for Extension of Time to Respond to Compl.* (ECF No. 16). On January 9, 2012, however, Attorney Andrew Douglas Craven of Houck Anderson P.A. of Miami, Florida entered his appearance on behalf of both Royal Caribbean and Intercruises. *Notice of Appearance* (ECF No. 32). It is not surprising that Attorney Craven, who was representing both Royal Caribbean and Intercruises, was able to resolve Ms. Walter's claims against both of his clients at the mediation.

6

> THIS CAUSE came before the Court on the Stipulation of the parties pursuant to amicable settlement, and the Court having otherwise fully considered the matter, it is
>
> ORDERED and ADJUDGED that this action be and the same is hereby dismissed with prejudice. Further, each party is to bear its own costs and attorney's fees, any pending motions are denied as moot and the clerk is directed to close this file.
>
> DONE AND ORDERED in Chambers at Miami, Florida this 4 day of June, 2012.

*Order of Dismissal* (ECF No. 46).[3]

### D. The Florida Case Is Transferred to the District of Maine

On December 3, 2013, approximately eighteen months after the district court in Florida ordered that "the clerk is directed to close this file," *id.*, the case was transferred to this District. *Civil Docket for Case #: 1:11-cv-23610-UU* (ECF No. 47).[4] The docket, as it was received in this District, bore the flags "CLOSED,EGT,MEDIATION," and included all docket entries up to ECF No. 46, the Order of Dismissal "with prejudice." *Id.* at 1-5.

On December 17, 2013, Isherwood filed the pending motion to dismiss. *Def. Isherwood's Mot. to Dismiss Pl.'s Compl.* (ECF No. 54) (*Isherwood Second Mot. to*

---

[3] Although the Order of Dismissal recited June 4, 2012 as its operative date, it was not docketed until June 11, 2012. This delay is not material.

[4] Counsel for Isherwood represents that

> [t]he transfer apparently was completed shortly after staff at the office of the undersigned called the clerk's office in the Florida District Court to get a handle on the status of the case in the wake of the transfer order and subsequent dismissal. That contact was, in turn, instigated by Plaintiff having served on [Isherwood] a notice of claim referencing Maine law – a notice that seemed to ignore the apparent fact that this case was subject to a transfer order (but not actually transferred) and had been dismissed with prejudice 18 months previously.

*Def. Isherwood's Mot. to Dismiss* at 2-3 (ECF No. 54). Counsel for Ms. Walter acknowledges that "[u]nquestionably, there was confusion on both sides as to the status of the case after the transfer order had been issued." *Pl.'s Opp'n to Def.'s Mot. to Dismiss* at 3 (ECF No. 62).

7

*Dismiss*). Ms. Walter opposed the motion on January 21, 2014, *Pl.'s Opp'n to Def.'s Mot. to Dismiss* (ECF No. 62) (*Pl.'s Opp'n*), and Isherwood replied on January 23, 2014. *Def. Isherwood's Reply in Support of Its Mot. to Dismiss Pl.'s Compl.* (ECF No. 63) (*Def.'s Reply*).

## III. POSITION OF THE PARTIES

### A. Isherwood's Motion

Isherwood focuses on the element of res judicata that requires a "'valid final judgment . . . entered in the prior action.'" *Isherwood Second Mot. to Dismiss* at 3 (quoting *Roy*, 712 F.2d at 1520). Isherwood argues that at the time the Florida district court dismissed the entire action "with prejudice," it retained jurisdiction over Isherwood. *Id.* at 4. Isherwood cites Fourth Circuit caselaw and a treatise for the proposition that "'[t]he general rule . . . is that jurisdiction is not conveyed from the transferor court to the transferee court until the record is physically transferred to the transferee court.'" *Id.* (citing *Wilson-Cook Med. v. Wilson*, 942 F.2d 247, 250 (4th Cir. 1991) and 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3846, at 69 (3d ed. 2007)). Isherwood observes that the order of dismissal in Florida did not differentiate among defendants, and concludes that the case was fully terminated before the transfer was completed. *Id.*

Isherwood also observes that Ms. Walter apparently intended to continue proceedings in the Florida district court as against co-defendant Intercruises, even after the transfer order. *Id.* at 5. As evidence of this, Isherwood points to Ms. Walter's stipulation of dismissal in Florida as against Intercruises on May 29, 2012.

*Id.* Isherwood argues that it was Ms. Walter's responsibility either to follow up and ensure the transfer order to Maine was completed, to clarify her intentions with the Florida Court, or to seek relief from the final judgment in the Florida Court under Rule 60 to preserve her claims against Isherwood. *Id.*

In Isherwood's view, all this shows that the Florida dismissal "with prejudice" was a valid final judgment, and that Ms. Walter's claim against it in the District of Maine should be barred under the res judicata doctrine. *Id.* at 6.

### B. Ms. Walter's Opposition

Ms. Walter first argues that the matter of Isherwood's liability could not have been and was not litigated in the Southern District of Florida because that district court lacked personal jurisdiction over Isherwood. *Pl.'s Opp'n* at 4-5. Ms. Walter turns the doctrine of res judicata against Isherwood, arguing that it is attempting to relitigate whether the Florida Court had personal jurisdiction over Isherwood. *Id.* at 4 (citing *Durfee v. Duke*, 375 U.S. 106, 114 (1963)).

Ms. Walter next makes a related argument that the Order of Dismissal "with prejudice" is void as against Isherwood. *Id.* at 5. This is so, she claims, because the Florida Court, having determined that it lacked personal jurisdiction, was without power to render a decision on the merits of the case. *Id.* She argues that regardless of when the transfer to the District of Maine became effective, the Florida Court "had no power over the litigation between Plaintiff and [Isherwood] after the entry of the dismissal/transfer order." *Id.*

Finally, Ms. Walter asserts that Isherwood is judicially estopped to argue that the Florida Court had jurisdiction to render a decision on the merits, because

9

Isherwood earlier took a contrary position in this same litigation. *Id.* at 6-8 (citing *Isherwood First Mot. to Dismiss*).

Ms. Walter concludes that the Florida Court could not and did not issue a decision on the merits of her claim against Isherwood, and that the doctrine of res judicata should not bar her efforts in this District. *Id.* at 8.

### C. Isherwood's Reply

Isherwood, in reply, first argues that Ms. Walter filed a voluntary stipulation of dismissal "with prejudice" in the Florida court, and that the Court consequently filed an order of dismissal "with prejudice" that did not exclude Isherwood. *Def.'s Reply* at 1. Isherwood further contends that "the Florida District opted against dismissing this action for lack of jurisdiction. Instead, that court ordered that the action be transferred." *Id.* at 2. Isherwood repeats its earlier argument that the transfer is effective when it is docketed in the transferee court, and that the transferor court retains jurisdiction over the matter until that time. *Id.* at 2-3. Noting that "a transferor court does have jurisdiction to enter the transfer order itself regardless of lack of personal jurisdiction," Isherwood reasons that it also had "[a]uthority to accept and act on a stipulation or voluntary motion to dismiss." *Id.* at 4. Finally, Isherwood denies that it is now taking a legal position inconsistent with its theory before the Florida court; Isherwood maintains that the Florida court lacked personal jurisdiction but also insists that the Florida Court did have authority to accept a voluntary dismissal "with prejudice." *Id.* at 4-5.

## IV. DISCUSSION

The parties agree that the litigation in the Florida Court involved the same parties and the same subject matter. They disagree as to whether the Order of Dismissal in Florida represented a valid final judgment as to Isherwood.

### A. The Florida Jurisdiction Issue

The Court concludes that the District Court in Florida retained jurisdiction over this case until the case was received in this Court on December 3, 2013. *See Wilson*, 942 F.2d at 250; WRIGHT, MILLER & COOPER § 3846. After an order of transfer, a case does not enter a twilight zone of non-jurisdiction during the time it takes the Clerk's Office to complete a transfer, no matter how long; some court must always be able to exercise authority over the case. Here, until December 3, 2013, that court was the district court in Florida.

Every federal district court has the authority to determine whether it has personal and subject matter jurisdiction over the parties. *Durfee*, 375 U.S. at 111-16. Other courts must give full faith and credit to such a determination if they determine that the jurisdictional issue was "fully and fairly litigated and finally decided in the court which rendered the original judgment." *Id.* at 111. This Court readily concludes that the Florida District Court afforded the parties a full and fair opportunity to litigate the issue and rendered a careful, reasoned judgment. That judgment was that the Florida Court lacked personal jurisdiction over Isherwood and that venue in Florida was improper as to Intercruises.

Nonetheless, Ms. Walter continued to litigate the matter in the Florida Court after the order of transfer, for both Isherwood and Intercruises, to this District. She

11

mediated the case under the auspices of the Florida Court and filed a stipulation of dismissal as to Intercruises and Royal Caribbean, despite the fact that the Florida Court had ordered the case against Intercruises (along with Isherwood) transferred. In response to her stipulation, the Florida Court issued an Order of Dismissal "with prejudice" that apparently erroneously affected Isherwood as well. Ms. Walter had the opportunity to correct that error in the Florida Court through a motion under Rule 59(e) or Rule 60(a). Instead, she left the case unattended for eighteen months while the transfer languished and, to all outward appearances, the matter was concluded.

The First Circuit addressed an analogous situation in a bankruptcy case. *In re Spillane*, 884 F.2d 642 (1st Cir. 1989). In *Spillane*, a Rhode Island district court ordered a bankruptcy case transferred to California. *Id.* at 644. The debtor filed an interlocutory appeal, which the First Circuit dismissed. Following the dismissal of the first appeal, and while the record was still in Rhode Island, the trustee made "interim applications to the [Rhode Island] district court for attorney's fees," which the district court granted. *Id.* at 644, 646. The debtor appealed the award of attorney's fees, arguing, among other things, that the district court had lost jurisdiction over the case when it ordered the case transferred to California. *Id.* at 645.

The First Circuit rejected this argument, holding that the district court still had jurisdiction to determine an award of attorney's fees. The Court focused on four facts: (1) "no proceedings have begun in the Central District of California"; (2) "the

12

district court did not indicate that the transfer was to take effect immediately"; (3) "the district court in Rhode Island is in a better position to determine the reasonableness of fees for work performed in its own district"; and (4) "the attorney's service in the case has ended and the part of the dispute on which he worked is closed." *Id.* at 646. The Court declined to adopt a bright-line rule making the transfer of the record "the universally controlling factor," noting that "action by the transferee court or attempts by parties to get such action might deprive the transferring court of jurisdiction in another case." *Id.*; *accord Robbins v. Pocket Beverage Co., Inc.*, 779 F.2d 351, 355-56 (7th Cir. 1985) (holding that a district court has the power to reconsider its order transferring a case under 28 U.S.C. § 1404(a) unless the order was written to take effect immediately, the transferee court attempted to exercise jurisdiction, or the transferee court actually received the record).

The rationale of *Spillane* is not limited to bankruptcy proceedings, and controls the outcome of the jurisdictional question here. As in *Spillane*, the Florida Court acted, at the behest of the parties, eighteen months before the transferred docket arrived in this Court. During that time, no party made any effort to cause this Court to take action in the case. As the case was mediated in Florida, and the parties filed their stipulation to dismiss the case in Florida, the Florida Court was in a better position to take action on the stipulation.

As a further practical matter, the District of Maine could not act on the matter until the transfer was complete and this Court received the docket; the

13

Southern District of Florida retained jurisdiction until December 3, 2013. Although the Florida Court had ordered the case transferred to this District as to Intercruises and Isherwood, the Florida Court was still well within its authority to accept Ms. Walter's stipulation as to Intercruises until the moment this Court assumed jurisdiction. *See Wilson*, 942 F.2d at 250; WRIGHT, MILLER & COOPER § 3846.

Indeed, the fact that Ms. Walter filed a motion to dismiss Intercruises with prejudice in Florida shows that she consented to the Florida Court exercising jurisdiction over the case as to Intercruises—despite the pending transfer order. *Cf. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) (holding that "the requirement of personal jurisdiction represents first of all an individual right, [which] can, like other such rights, be waived"); *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1128 (N.D. Ill. 1989) ("[T]he consent to jurisdiction provisions [in a contract] operate as a consent to both jurisdiction and venue, thereby precluding a motion to transfer for improper venue under 28 U.S.C. § 1406(a)"). The Court rejects Ms. Walter's argument that the Florida district court relinquished jurisdiction in June 2012. It did not.

### B. The Effectiveness of the Stipulation of Dismissal

Simply because the district court of Florida could have exercised jurisdiction over Isherwood while the case was being transferred to Maine does not mean that it properly did so. The cause for the confusion can be traced to the documents the lawyers filed in late May with the court in Florida. After the March 27, 2012 mediation, the Court assumes that one of the attorneys must have informed the

14

Court that the case had settled. This resulted in the Florida court issuing a "Notice of Court Practices":

> THIS CAUSE is before the Court upon the Notice of Settlement.
>
> THE PARTIES are hereby notified that all papers related to the settlement reached between the parties, including any order of dismissal stating specific terms and conditions, must be filed by <u>April 23, 2012</u>. If such papers are not filed by this deadline, the pending claims between the parties will be dismissed without further notice. Within sixty days of such an order of dismissal, either party may petition the court to have the case reinstated after showing good cause as to why settlement was not in fact consummated.
>
> An order will be entered separately closing this case for administrative purposes.

*Notice of Court Practices* (ECF No. 44). On May 29, 2012, the parties filed a Stipulation of Dismissal. *Stipulation for Dismissal* (ECF No. 45). The Stipulation not only informed the Court that Deann Walter and Defendants Royal Caribbean and Intercruises had arrived at an amicable settlement, but that the parties "hereby stipulate and request that this Court enter an Order dismissing this case, with prejudice, each party to bear its/his [sic] own attorney's fees and costs." *Stipulation for Dismissal* at 1. Furthermore, on May 29, 2012, the parties, namely Ms. Walter, Royal Caribbean and Intercruises, filed a proposed order identical to the order the district court in Florida signed on June 4, 2012, which dismissed the case itself. *Id.* Attach. 1 (*Order of Dismissal*). Faced with the stipulation of the parties and a proposed order closing the case, it is understandable why the Florida district court signed the proposed order approving the dismissal and closing the case.

Even so, this Court will not enforce the terms of an illusory settlement. There is no evidence in this record that Isherwood participated in the court-ordered mediation, that Isherwood's counsel ever signed the Stipulation of Dismissal, or that Ms. Walter ever actually settled her claim against Isherwood. If she had entered into a true settlement and if Isherwood wished to enforce the terms of the settlement, Isherwood had (and would still have) the right to file an appropriate motion to judicially enforce the agreement of the parties. It has not done so. Instead, based on loose language in the Stipulation of Dismissal and proposed Order, which was reduced to an Order, Isherwood is attempting to enforce the terms of a settlement that it never made. Furthermore, the Florida court's action in transferring the case to Maine in December 2013 is at least inconsistent with the view that the entire case, including Ms. Walter's claim against Isherwood, had been dismissed in June 2012.

Ms. Walter's Florida counsel should have been more careful to delineate in the Stipulation of Dismissal and proposed Order that the settlement was among herself, Royal Caribbean and Intercruises and that when transferred, the case would proceed in Maine between herself and Isherwood. Without a clear explanation for what actually happened, it may be that those involved in the Florida case assumed that the matter as against Isherwood had already been transferred, that the January 24, 2012 Order dismissing Isherwood and Intercruises subject to transfer to Maine had removed the Florida court's

16

jurisdiction, or simply did not think about Isherwood when the Stipulation of Dismissal was filed and the Order of dismissal was signed and docketed.

This is an unusual situation and it is difficult to shoehorn it into a rule that clearly fits. Ms. Walter makes a passing reference to Rule 60(b)(4). *Pl.'s Opp'n* at 1 (citing FED. R. CIV. P. 60(b)(4)). But her reference was based on the premise that the Florida Order of Dismissal was void because the Florida court did not have any jurisdiction over the matter, a premise this Court disagrees with. The other detailed provisions of Rule 60 do not offer a clear path for relief. They are either time-restricted, Rule 60(c)(1), or inapplicable, Rule 60(b)(4), (5). Rule 60(b)(6) is the provision that best fits.

Under Rule 60(b)(6), a court is allowed to relieve a party from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). The First Circuit has observed that "[t]he decision to grant or deny [Rule 60(b)(6)] relief is inherently equitable in nature." *Ungar v. Palestinian Liberation Org.*, 599 F.3d 79, 83 (1st Cir. 2010). Rule 60(b)(6) has been aptly described as a "catch-all provision." *Tuckerbrook Alt. Invs., LP v. Banerjee*, 754 F. Supp. 2d 177, 185 (D. Mass. 2010). It "broadens the grounds for relief from a judgment set out in the five preceding clauses." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2864 (3d ed. 2012).

Here, Ms. Walter has alleged that she sustained a serious personal injury due to the negligence of Isherwood. *Compl.* (ECF No. 1). Isherwood's motion seeks to derive the benefit of a phantom settlement with Ms. Walter based on a combination

of unusual circumstances: an eighteen month delay in transferring the case; jurisdictional confusion as to the status of the case pending transfer; a court-ordered mediation involving the one remaining party; a settlement of claims against the one remaining party and another party, the case against whom had been ordered transferred; the joint representation of the settling parties by one Florida attorney; and loose language in the stipulation for dismissal and the proposed order of dismissal. If this Court granted Isherwood's motion, the net effect would be that Isherwood would benefit from a settlement to which it was not a party and Ms. Walter's claim against Isherwood would be barred because she settled in another jurisdiction against two other defendants. To avoid this unequitable result and to resolve the case on its merits, the Court declines to view the Florida dismissal as a valid final judgment against Isherwood. Consequently, because Isherwood does not meet all of the requirements of the defense of res judicata, the Court will not grant Isherwood's motion to dismiss.

V. **CONCLUSION**

The Court DENIES the Defendant's Motion to Dismiss (ECF No. 54).

SO ORDERED.

    /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2014